UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

---

KRISTI HANSEN,
on behalf of herself and
all others similarly situated,

           Plaintiff,

    v.

SOUTHERN ILLINOIS HOSPITAL SERVICES
1239 East Main Street
Carbondale, Illinois 62901

           Defendant

Case No. 24-cv-221

**COLLECTIVE AND CLASS
ACTION COMPLAINT
PURSUANT TO 29 U.S.C. §216(b)
AND FED. R. CIV. P. 23**

**JURY TRIAL DEMANDED**

---

## COMPLAINT

---

### PRELIMINARY STATEMENT

1.    This is a collective and class action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), and Illinois' Minimum Wage Law, 820 ILCS 105/12, *et seq.* ("IMWL") and Illinois' Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.*, Ill. Admin. Code 300, *et seq* ("IWPCA"), and Fed. R. Civ. P. 23, by Plaintiff, Kristi Hansen, on behalf of herself and all other similarly situated current and former hourly-paid, non-exempt employees of Defendant, Southern Illinois Health Services, for purposes of obtaining relief under the FLSA, IMWL, and IWPCA for unpaid overtime compensation, unpaid agreed-upon wages, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2.    Defendant operated an unlawful compensation system that deprived and failed to compensate Plaintiff and all other current and former hourly-paid, non-exempt employees for all

hours worked and work performed each workweek, including at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek, by failing to: (1) include all forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, and/or other rewards and payments, in said employees' regular rates of pay for overtime calculation purposes, in violation of the FLSA and IMWL; and (2) compensate said employees with agreed-upon shift differentials pursuant to its written "Shift Differential Pay" policy, in violation of the IWPCA, and which also resulted in overtime violations of the FLSA.

3.      Defendant's failure to compensate its hourly paid, non-exempt employees for compensable work performed each workweek, including but not limited to at an overtime rate of pay, was intentional, willful, and violated federal law as set forth in the FLSA and state law as set forth in the IMWL and IWPCA.

## JURISDICTION AND VENUE

4.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

5.      This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, IMWL, 820 ILCS 105/12, *et seq.*, and the IWPCA, 820 ILCS 115/1, *et seq.*, Ill. Admin. Code ILL. 300, *et seq.*, because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this District, and/or Defendant has substantial and systematic contacts in this District.

## PARTIES

7.      Plaintiff, Kristi Hansen, is an adult female resident of the State of Illinois residing at 6741 Robin Lane, Carbondale, Illinois 62902.

8.      Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) was contemporaneously filed with the Complaint (ECF No. 1).

9.      Defendant, Southern Illinois Hospital Services, is an entity incorporated in the State of Illinois with a principal office address of 1239 East Main Street, Carbondale, Illinois 62901.

10.     Defendant owns, operates, and/or manages hospitals and numerous other healthcare facilities and physical locations in southern Illinois.

11.     For purposes of the FLSA, Defendant was an "employer" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

12.     For purposes of the IMWL and IWPCA, Defendant was the "employer" of Plaintiff, and Plaintiff was "employed" by Defendant, as those terms or variations thereof are used in 820 ILCS 105/12, *et seq.*, 820 ILCS 115/1, *et seq.*, and Ill. Admin. Code 300, *et seq.*

13.     During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

14.     During the relevant time periods as stated herein, Plaintiff worked as an hourly-paid, non-exempt employee in the position of P.M. Aide at Defendant's direction, on Defendant's behalf, for Defendant's benefit, and/or with Defendant's knowledge alongside all other hourly-paid, non-exempt employees at Defendant's St. Joseph's Hospital location in Murphysboro, Illinois.

15.     Plaintiff brings this action on behalf of herself and all other similarly-situated current and former hourly-paid, non-exempt employees who work at, worked at, and/or were employed by Defendant during the relevant time periods as stated herein. Plaintiff performed similar job duties as other current and former hourly-paid, non-exempt employees in similarly-titled positions who work at, worked at, and/or were employed by Defendant at locations owned, operated, and managed by Defendant, and Plaintiff and all other current and former hourly-paid, non-exempt employees were subject to Defendant's same unlawful compensation policies and practices as enumerated herein.

16.     During the relevant time periods as stated herein, Defendant employed more than two (2) employees.

17.     During the relevant time periods as stated herein, Defendant's annual dollar volume of sales or business exceeded $500,000.

18.     During the relevant time periods as stated herein, Defendant hired, terminated, promoted, demoted, and/or suspended Plaintiff and all other hourly-paid, non-exempt employees.

19.     During the relevant time periods as stated herein, Defendant supervised Plaintiff's and all other hourly-paid, non-exempt employees' day-to-day activities.

20.     During the relevant time periods as stated herein, Defendant reviewed Plaintiff's work performance and the work performance of all other hourly-paid, non-exempt employees.

21.     During the relevant time periods as stated herein, Defendant established Plaintiff's and all other hourly-paid, non-exempt employees' work schedules and provided Plaintiff and all other hourly-paid, non-exempt employees with work assignments and hours of work.

22.     During the relevant time periods as stated herein, Plaintiff and all other hourly-paid, non-exempt employees similarly utilized Defendant's employment policies, practices, and/or procedures in the performance of their job duties.

23.     During the relevant time periods as stated herein, Defendant oversaw, managed, and adjudicated Plaintiff's and all other hourly-paid, non-exempt employees' employment-related questions, benefits-related questions, and workplace issues.

## GENERAL ALLEGATIONS

24.     On or about June 1, 2021, Defendant hired Plaintiff as an hourly-paid, non-exempt employee in the position of P.M. Aide.

25.     During the entirety of Plaintiff's employment with Defendant, Defendant compensated Plaintiff on an hourly basis and/or with an hourly rate of pay.

26.     During the entirety of Plaintiff's employment with Defendant, Plaintiff was a non-exempt employee for purposes of the FLSA, IMWL, and IWPCA.

27.     Plaintiff is still currently employed by Defendant.

28.     On a daily basis during Plaintiff's employment with Defendant, Plaintiff worked alongside other hourly-paid, non-exempt employees at Defendant's direction, on Defendant's behalf, for Defendant's benefit, and/or with Defendant's knowledge at Defendant's St. Joseph's Hospital location in Murphysboro, Illinois.

29.     During the relevant time periods as stated herein, Plaintiff and all other hourly-paid, non-exempt employees were employed by Defendant in hourly-paid, non-exempt job positions and performed compensable work on Defendant's behalf, with Defendant's knowledge, for Defendant's benefit, and/or at Defendant's direction at locations that were owned, operated, and managed by Defendant in the State of Illinois.

30.     During the relevant time periods as stated herein, Plaintiff and all other hourly-paid, non-exempt employees often worked in excess of forty (40) hours per workweek.

31.     During the relevant time periods as stated herein, Defendant knew or had knowledge that Plaintiff and all other hourly-paid, non-exempt employees worked in excess of forty (40) hours per workweek.

32.     During the relevant time periods as stated herein, Defendant compensated Plaintiff and all other hourly-paid, non-exempt employees on a bi-weekly basis via check.

33.     During the relevant time periods as stated herein, Defendant's workweek for FLSA, IMWL, and IWPCA purposes was Monday through Sunday.

34.     During the relevant time periods as stated herein, Plaintiff and all other hourly-paid, non-exempt employees were non-union employees of Defendant.

35.     During the relevant time periods as stated herein, and on a weekly, monthly, quarterly, annual, and/or ad hoc basis, Plaintiff and all other hourly-paid, non-exempt employees earned and were compensated with monetary bonuses, incentives, awards, and/or other rewards and payments based on their hours worked or work performed during their employment with Defendant.

36.     During the relevant time periods as stated herein, Defendant failed to include all forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, and/or other rewards and payments, in Plaintiff's and all current and former hourly-paid, non-exempt employees' regular rates of pay for overtime purposes in violation of the FLSA and IMWL.

37.     During the relevant time periods as stated herein, Plaintiff and all other hourly-paid, non-exempt employees were subject to Defendant's same pay and timekeeping policies and practices.

38.     During the relevant time periods as stated herein, Defendant tracked and/or recorded Plaintiff's and all other hourly-paid, non-exempt employees' hours worked each workweek.

39.     During the relevant time periods as stated herein, Defendant maintained an electronic time-clock system (hereinafter simply "Defendant's electronic timekeeping system") that Plaintiff and all other hourly-paid, non-exempt employees used on a daily basis for timekeeping and/or recordkeeping purposes.

40.     During the relevant time periods as stated herein, Defendant maintained employment records and other documentation regarding Plaintiff and all other hourly-paid, non-exempt employees.

41.     During the relevant time periods as stated herein, Defendant maintained a centralized system for tracking and/or recording hours worked by Plaintiff and all other hourly-paid, non-exempt employees.

42.     During the relevant time periods as stated herein, Defendant maintained a centralized system for compensating Plaintiff and all other hourly-paid, non-exempt employees for all remuneration earned, including but not limited to with monetary bonuses, incentives, awards, and/or other rewards and payments.

43.     During the relevant time periods as stated herein, Plaintiff and all other hourly-paid, non-exempt employees used Defendant's electronic timekeeping system to "clock in" and to "clock out" of work each day at the beginning and end of their shifts, respectively.

44.     During the relevant time periods as stated herein, Plaintiff and all other hourly-paid, non-exempt employees performed compensable work immediately after "clocking in" via Defendant's electronic timekeeping system at the beginning of their shifts each workday.

45.    During the relevant time periods as stated herein, Plaintiff and all other hourly-paid, non-exempt employees performed compensable work immediately prior to "clocking out" via Defendant's electronic timekeeping system at the end of their shifts each workday.

46.    During the relevant time periods as stated herein, Plaintiff's and all other hourly-paid, non-exempt employees' "clock in" and "clock out" times each workday via Defendant's electronic timekeeping system were kept, stored, and/or retained by Defendant.

47.    During the relevant time periods as stated herein, Plaintiff's and all other hourly-paid, non-exempt employees' "clock in" and "clock out" times each workday via Defendant's electronic timekeeping system recorded, reflected, and represented actual hours worked and work performed each workday and each workweek by Plaintiff and all other hourly-paid, non-exempt employees.

48.    During the relevant time periods as stated herein, Plaintiff and all current and former hourly-paid, non-exempt employees were subject to Defendant's same unlawful policy, practice, custom, and/or scheme of failing to compensate said employees with agreed-upon shift differentials pursuant to its written "Shift Differential Pay" policy, to the detriment of said employees and to the benefit of Defendant.

49.    During the relevant time periods as stated herein, Defendant maintained a written "Shift Differential Pay" policy that was applicable to "all SIHS employees" in the following job positions: "Non-clinical and Service Positions"; "Skilled Professionals and Technicians"; "Advanced Clinicians"; "Registered Nurses"; "Licensed Therapists"; and "Advanced Clinicians II."

50.    During Plaintiff's employment with Defendant, Plaintiff's position as a P.M Aide was considered a "Non-clinical" and/or "Service Position" for purposes of Defendant's written "Shift Differential Pay" policy.

51.    During the relevant time periods as stated herein, Plaintiff and all current and former hourly-paid, non-exempt employees agreed to and/or were bound by the terms and conditions of Defendant's written "Shift Differential Pay" policy.

52.    During the relevant time periods as stated herein, Defendant approved, agreed to, and/or was bound by the terms and conditions of Defendant's written "Shift Differential Pay" policy.

53.    During the relevant time periods as stated herein, and pursuant to Defendant's written "Shift Differential Pay" policy, Defendant agreed to compensate Plaintiff and all current and former hourly-paid, non-exempt employees in the above-referenced job positions with a "…shift differential for time actually worked…" during the hours of 3:00 p.m. to 7:00 a.m. on any given workday.

54.     During Plaintiff's employment with Defendant, Plaintiff's normal or customary scheduled shift start and end times on any given workday were, respectively, 10:30 a.m. and 7:00 p.m.

55.    During Plaintiff's employment with Defendant, Plaintiff's normally or customarily actually performed compensable work between the hours of approximately 10:30 a.m. and 7:00 p.m. on any given workday.

56.    During Plaintiff's employment with Defendant and despite Plaintiff routinely and actually performing compensable work between the hours of approximately 10:30 a.m. and 7:00 p.m. on any given workday, Defendant failed to compensate Plaintiff with agreed-upon shift

differential pay pursuant to its written "Shift Differential Pay" policy for the hours during which Plaintiff performed compensable work between 3:00 p.m. to 7:00 a.m. on any given workday.

57.     During the relevant time periods as stated herein, Defendant's uniform compensation practice of failing to pay Plaintiff and all current and former hourly-paid, non-exempt employees with agreed-upon shift differentials pursuant to its written "Shift Differential Pay" policy was similar, if not identical, for Plaintiff and all other hourly-paid, non-exempt employees – in that said employees typically, customarily, and/or routinely performed actual, compensable work between the hours of 3:00 p.m. to 7:00 a.m. on any given workday but were not compensated with shift differentials pursuant to Defendant's written "Shift Differential Pay" policy.

58.     During the relevant time periods as stated herein, Defendant's policies in practice failed to compensate Plaintiff and all other hourly-paid, non-exempt employees at the correct and lawful overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a workweek.

59.     During the relevant time periods as stated herein, Defendant knew and/or was aware that its pay policies and practices failed to compensate Plaintiff and all other hourly-paid, non-exempt employees for all compensable work performed as described herein.

60.     During the relevant time periods as stated herein, and during workweeks when no overtime was due, if any, Defendant suffered or permitted Plaintiff and all other hourly-paid, non-exempt employees to work without being paid appropriately and lawfully with agreed-upon shift differentials pursuant to Defendant's written "Shift Differential Pay" policy.

61.     During the relevant time periods as stated herein, Defendant was or should have been aware that its compensation policies in practice failed to compensate Plaintiff and all other

hourly-paid, non-exempt employees in the same or similar fashion for all hours worked and/or work performed each workday and each workweek, including but not limited to at an overtime rate of pay.

## **COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

62.    Plaintiff brings this action on behalf of herself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees include:

> All hourly-paid employees employed by Defendant within the three (3) years immediately preceding the filing of the Complaint, (ECF No. 1), who used Defendant's electronic timekeeping system to record hours worked and/or work performed each workday and/or who received a form of compensation, such as a monetary bonus, incentive, award, and/or other reward and/or payment, during a workweek when said employees worked more than forty (40) hours during the representative time period that the form of compensation covered.

63.    Plaintiff and the FLSA Collective primarily performed non-exempt job duties each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

64.    Plaintiff and the FLSA Collective were compensated on an hourly basis (and not on a salary basis) each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

65.    During the relevant time periods as stated herein, Defendant compensated Plaintiff and the FLSA Collective with, in addition to an hourly or regular rate(s) of pay, other forms of non-discretionary compensation – such as performance-based and/or attendance-based monetary bonuses, incentives, awards, and/or other rewards and payments – on a bi-weekly, monthly, quarterly, annual, and/or ad hoc basis.

66.     During the relevant time periods as stated herein, the monetary compensation that Defendant provided to Plaintiff and the FLSA Collective was non-discretionary in nature: it was made pursuant to a known plan (performance or productivity) or formula and/or were announced and known to Plaintiff and the FLSA Collective to encourage and/or reward their steady, rapid, productive, reliable, safe, consistent, regular, predictable, continued, and/or efficient work performance and/or hours worked.

67.     During the relevant time periods as stated herein, Defendant's pay practices failed to include all forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, and/or other rewards and payments, in Plaintiff's and the FLSA Collective's regular rate(s) of pay for overtime calculation and compensation purposes during workweeks when said employees worked more than forty (40) hours during the representative time period.

68.     During the relevant time periods as stated herein, Defendant, as a matter of policy and practice, also did not compensate the FLSA Collective with agreed-upon shift differentials pursuant to its written "Shift Differential Pay" policy, in violation of the IWPCA, and which also resulted in resulted in Plaintiff and the FLSA Collective being denied overtime compensation by Defendant at the rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in a workweek.

69.     The First and Second Claims for Relief are brought under and maintained as opt-in Collective Actions pursuant to § 216(b) of the FLSA, 29 U.S.C. 216(b), by Plaintiff on behalf of the FLSA Collective.

70.     The FLSA Collective claims may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

71.    Plaintiff and the FLSA Collective are and have been similarly situated, have and have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Plaintiff as stated herein are the same as those of the FLSA Collective.

72.    Plaintiff and the FLSA Collective seek relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to properly and lawfully compensate employees for all work performed and/or hours worked at the correct and lawful overtime rate of pay each workweek, in violation of the FLSA.

73.    Defendant was or should have been aware that its unlawful practices failed to compensate and deprived Plaintiff and the FLSA Collective of the appropriate and lawful overtime wages and compensation due and owing to them, in violation of the FLSA.

74.    The FLSA Collective is readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendant. Notice can be provided to the FLSA Collective via first class mail to the last address known by Defendant and through posting at Defendant's facilities in areas where postings are normally made.

75.    Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the putative FLSA Collective.

## <u>RULE 23 CLASS ALLEGATIONS – ILLINOIS</u>

76.    Plaintiff brings this action on behalf of herself and all other similarly-situated employees pursuant to the IMWL and IWPCA, under Fed. R. Civ. P. 23.  The similarly situated employees include:

> **IMWL Class (Non-Discretionary Compensation):** All hourly-paid employees employed by Defendant in the State of Illinois within the three (3) years immediately preceding the filing of the Complaint, (ECF No. 1), and through the date of final judgment who received a form of compensation, such as a monetary bonus, incentive, award, and/or other reward and/or payment, during a workweek when said employees worked more than forty (40) hours during the representative time period that the form of compensation covered.

> **IWPCA Class (Shift Differential Pay):** All hourly-paid employees employed by Defendant in the State of Illinois within the ten (10) years immediately preceding the filing of the Complaint, (ECF No. 1), through the date of judgment who used Defendant's electronic timekeeping system to record hours worked and/or work performed each workday and who worked between the hours of 3:00 p.m. to 7:00 a.m. on any given workday during this time period.

77.    The members of the Illinois Classes are readily ascertainable. The number and identity of the members of the Illinois Classes are determinable from the records of Defendant. The job titles, length of employment, and the rates of pay for each member of the Illinois Classes are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

78.    The proposed Illinois Classes are so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon information and belief, there are over one hundred (100) members of each of the Illinois Classes.

79.    Plaintiff's claims are typical of those claims which could be alleged by any members of the Illinois Classes, and the relief sought is typical of the relief which would be sought by each member of the Illinois Classes in separate actions. All of the members of the Illinois Classes were subject to the same corporate practices of Defendant, as alleged herein. Defendant's corporate-wide policies and practices affected all members of the Illinois Classes similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the Illinois Classes. Plaintiff and other members of the Illinois Classes sustained similar losses, injuries and damages arising from the same unlawful policies and practices and procedures.

80.    Plaintiff is able to fairly and adequately protect the interests of the Illinois Classes and has no interests antagonistic to the Illinois Classes. Plaintiff is represented by counsel who are experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

81.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Illinois Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual members of the Illinois Classes to redress the wrongs done to them.

82.     Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Illinois Classes would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Illinois Classes, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

83.     Defendant has violated the Illinois law regarding payment of regular wages and overtime wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

84.     There are questions of fact and law common to the Illinois Classes that predominate over any questions affecting only individual members. The questions of law and fact common to the Illinois Classes arising from Defendant's actions include, without limitation, the following: (1) Whether the work performed by Plaintiff and the Illinois Class is compensable under federal law and/or Illinois law; (2) Whether Defendant engaged in a pattern or practice of forcing, coercing, deceiving and/or permitting Plaintiff and the Illinois Class to perform work for Defendant's benefit without being properly compensated; (3) Whether Defendant failed to pay Plaintiff and the Illinois

Class for all work Defendant suffered or permitted them to perform each work day and each workweek; (4) Whether Defendant failed to include all forms of non-discretionary compensation in Plaintiff's and the Illinois Class' regular rate of pay for overtime purposes; and (5) The nature and extent of class-wide injury and the measure of damages for the injury.

85.    The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

**FIRST CLAIM FOR RELIEF**
**Violations of the FLSA – Unpaid Overtime Wages (Non-Discretionary Compensation)**
**(Plaintiff on behalf of herself and the FLSA Collective)**

86.    Plaintiff, on behalf of herself and the FLSA Collective, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

87.    At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

88.    At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective as provided under the FLSA.

89.    At all times material herein, Plaintiff and the FLSA Collective were employees of Defendant as provided under the FLSA.

90.    Plaintiff and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

91.    Defendant violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective with overtime pay at the proper and correct overtime rate of pay for each hour worked in excess of forty (40) hours each workweek by failing to include all forms of non-

discretionary compensation in the FLSA Collective's regular rates of pay for overtime calculation purposes. By failing to compensate the FLSA Collective in such a fashion as described herein, this unlawful compensation practice denied Plaintiff and the FLSA Collective overtime premium pay for each hour they worked in excess of forty (40) hours each workweek and for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

92.     The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

93.     Defendant was and is subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

94.     Defendant's failure to properly compensate Plaintiff and the FLSA Collective was willfully perpetrated. Defendant has not acted in good faith and with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

95.     Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint,

plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

96.    Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**SECOND CLAIM FOR RELIEF**
**Violations of the FLSA – Unpaid Overtime Wages (Shift Differential Pay)**
**(Plaintiff on behalf of herself and the FLSA Collective)**

97.    Plaintiff, on behalf of herself and the FLSA Collective, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

98.    At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

99.    At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective as provided under the FLSA.

100.    At all times material herein, Plaintiff and the FLSA Collective were employees of Defendant as provided under the FLSA.

101.    Plaintiff and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

102.    Defendant violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective with agreed-upon shift differentials pursuant to its written "Shift Differential Pay" policy, in violation of the IWPCA, which resulted in failing to compensate Plaintiff and the FLSA Collective with overtime pay at the proper and correct overtime rate of pay for each hour worked in excess of forty (40) hours each workweek, in violation of the FLSA. By failing to compensate the FLSA Collective in such a fashion as described herein, this unlawful

compensation practice denied Plaintiff and the FLSA Collective overtime premium pay for each hour they worked in excess of forty (40) hours each workweek and for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

103.     The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

104.     Defendant was (and is) subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

105.     Defendant's failure to properly compensate Plaintiff and the FLSA Collective was willfully perpetrated. Defendant also has not acted in good faith and with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant acted in good faith and with reasonable grounds in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

106.     As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and the FLSA Collective for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

107.     Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint,

plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

108.    Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**THIRD CLAIM FOR RELIEF**
**Violations of the IMWL – Unpaid Overtime Wages (Non-Discretionary Compensation)**
**<u>(Plaintiff, on behalf of herself and the Illinois Class)</u>**

109.    Plaintiff, on behalf of herself and the Illinois Class, reasserts and incorporates all previous paragraphs as if they were set forth herein.

110.    At all relevant times, Plaintiff and the Illinois Class were employees of Defendant within the meaning of 820 ILCS 105/3(d).

111.    At all relevant times, Defendant was an employer of Plaintiff and the Illinois Class within the meaning of 820 ILCS 105/3(c).

112.    At all relevant times, Defendant has employed, and continues to employ, Plaintiff and the Illinois Class within the meaning of 820 ILCS 105/1, *et seq.*

113.    Throughout the IMWL Class Period, Plaintiff and the Illinois Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

114.    At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Illinois Class overtime compensation.

115.    Throughout the IMWL Class Period, Defendant maintained and perpetrated an unlawful compensation practice that failed to compensate Plaintiff and the Illinois Class at the

proper and correct overtime rate of pay for each hour worked in excess of forty (40) hours each workweek by failing to include all forms of non-discretionary compensation in Plaintiff's and the Illinois Class' regular rates of pay for overtime calculation purposes, in violation of the IMWL.

116.    Defendant willfully failed to pay Plaintiff and the Illinois Class overtime premium compensation for all hours worked in excess of forty (40) hours a workweek, in violation of the IMWL.

117.    As set forth above, Plaintiff and the Illinois Class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Illinois Class seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Illinois laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Pursuant to 820 ILCS 105/12, Plaintiff and the Illinois Class may be entitled to treble the amount of underpayment of compensation and/or damages of five percent (5%) of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid.

118.    Plaintiff and the Illinois Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the IMWL.

**FOURTH CLAIM FOR RELIEF**
**Violations of the IWPCA – Unpaid Agreed-Upon Wages (Shift Differential Pay)**
**<u>(Plaintiff, on behalf of herself and the Illinois Class)</u>**

119.    Plaintiff, on behalf of herself and the Illinois Class, reasserts and incorporates all previous paragraphs as if they were set forth herein.

120.    At all relevant times, Plaintiff and the Rule 23 Class were employees of Defendant within the meaning of 820 ILCS 115/2.

121.    At all relevant times, Defendant was an employer of Plaintiff and the Rule 23 Class within the meaning of 820 ILCS 115/2.

122.    At all relevant times, Defendant has employed, and continues to employ, Plaintiff and the Rule 23 Class within the meaning of 820 ILCS 115/1, *et seq.* and Ill. Admin. Code 300, *et seq.*

123.    Throughout the Illinois Class Period, Plaintiff and the Illinois Class regularly performed activities that were an integral and indispensable part of their principal activities without receiving compensation for these activities.

124.    At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Illinois Class agreed-upon compensation.

125.    At all relevant times, Defendant maintained a written "Shift Differential Pay" policy, the terms and conditions of which Plaintiff and the Illinois Class agreed to and/or were bound by during their respective periods of employment with Defendant, and the terms and conditions of which Defendant also Defendant approved, agreed to, and/or was bound by vis-à-vis Plaintiff and the Illinois Class.

126.    Defendant willfully failed to pay Plaintiff and the Illinois Class with agreed-upon shift differentials pursuant to Defendant's written "Shift Differential Pay" policy for work performed by Plaintiff and the Illinois Class at any time between the hours of 3:00 p.m. to 7:00 a.m. on any given workday, in violation of the IWPCA.

127.    As set forth above, Plaintiff and the Illinois Class members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Illinois Class seek damages in the amount of their respective unpaid compensation, injunctive

relief requiring Defendant to cease and desist from its violations of the Illinois laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Pursuant to 820 ILCS 115/14, Plaintiff and the Illinois Class may be entitled to statutory damages in the amount of two percent (2%) of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid.

128.    Plaintiff and the Illinois Class seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the IWPCA.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former hourly-paid, non-exempt employees who worked at and/or were employed by Defendant informing them of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendant to take any actions in retaliation of their consent to join this action;

b) At the earliest possible time, issue an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23;

c) At the earliest possible time, issue an Order appointing Walcheske & Luzi, LLC as class counsel pursuant to Federal Rules of Civil Procedure 23;

d) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendant's actions as described in the Complaint as unlawful and in violation of the FLSA and Illinois Law and applicable regulations and as willful as defined in the FLSA and Illinois Law;

e) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt employees damages in the form of reimbursement for unpaid overtime wages and/or agreed-upon wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA, IMWL, and IWPCA;

f) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt employees liquidated damages pursuant to the FLSA, IMWL, and IWPCA;

g) Issue an Order directing Defendant to reimburse Plaintiff and all other similarly-situated hourly-paid, non-exempt employees for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

h) Provide Plaintiff and all other similarly-situated hourly-paid, non-exempt employees with other relief that the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 31st day of January, 2024

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

s/ *Scott S. Luzi*
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com
E-Mail: dpotteiger@walcheskeluzi.com